IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT FLORCSK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1230 (CFC) |
| | ) |
| UNSTOPPABLE DOMAINS INC., | ) |
| | ) |
| Defendant. | ) |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Evidence 201, Defendant Unstoppable Domains Inc. ("Unstoppable") respectfully requests that the Court take judicial notice of the documents attached hereto as Exhibits A, B, and C in consideration of Unstoppable's Motion to Dismiss Plaintiff Scott Florcsk's ("Florcsk") First Amended Complaint ("FAC").

All documents referenced herein are also incorporated by reference and explicitly relied upon in the FAC. *See, e.g.,* FAC ¶¶ 62-64, 73, 102, 103 (Ex. A); FAC ¶¶ 2, 68, 71-75, 77-78, 80, 82-83, 86, 102-109, 112-13, 115, 118-120, 123-25 (Ex. B); FAC ¶¶ 83, 104 (Ex. C). Therefore, they should be considered as part of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. *See Angstadt v. Midd-W. Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the

1

motion to dismiss into one for summary judgment"); *Lorah v. Home Helper's Inc. Del. Respite*, 813 F. Supp. 2d 620, 625 (D. Del.), *aff'd*, 454 F. App'x 29 (3d Cir. 2011) (court can consider "documents referenced in or attached to the complaint" in ruling on a motion made under Rule 12(b)(6)).  In the alternative, Unstoppable seeks judicial notice of these documents.

Exhibit A consists of a cease-and-desist letter sent from Unstoppable's counsel to James Stevens, founder of Gateway.io, dated July 8, 2022, regarding the infringement of Unstoppable Domains Inc.'s intellectual property rights, as available through the website identified in FAC ¶ 63 n. 3 (https://domainnamewire.com/2022/07/20/unstoppable-domains-threatens-rival-handshake-domain-name/).  The FAC repeatedly refers to this document, including as the source of an allegedly false statement (FAC ¶¶ 62-64, 73, 102, 103), and as such, its contents illuminate the allegations of the FAC.

Exhibit B consists of the complaint filed by Unstoppable in *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC (D. Del. July 19, 2022), for Gateway Registry, Inc.'s participation in, support of, and refusal to stop the sale of Florcsk's infringing product.  This complaint provides the foundation for Counts II and III of the FAC.  (*See, e.g.,* FAC ¶¶ 2, 68, 71-75, 77-78, 80, 82-83, 86, 102-109, 112-13, 115, 118-120, 123-25.)

Exhibit C consists of the Clerk's entry of a default in appearance, filed on August 16, 2022, in *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC (D. Del. Aug. 16, 2022), in the litigation that the FAC asserts was a "sham." (*E.g.,* FAC ¶ 83.)  The FAC refers to the default in Paragraphs 83 and 104.

Pursuant to Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  A court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

"On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered." *Diceon Elecs., Inc. v. Calvary Partners, L.P.*, 772 F. Supp. 859, 861 (D. Del. 1991).  The Court may also take judicial notices of court dockets and related cases. *See Reardon v. New Jersey*, No. CV 17-5868 (JBS-KMW), 2018 WL 4964548, at *1 (D.N.J. Oct. 15, 2018) ("The Court also takes judicial notice of its own records and facts elicited in related cases") (quoting *Davis v. Power*, 2009 WL 777384, *1 n.3 (D.N.J. Mar. 19, 2009)).

<table>
<tr><td>

OF COUNSEL:

Margret Caruso
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Flr.
Redwood Shores, CA 94065
(650) 801-5000

Luke Nikas
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Flr.
New York, NY 10010
(212) 849-7000

Sean S. Pak
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California St., 22nd Flr.
San Francisco, CA 94111
(415) 875-6600

Adam B. Wolfson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3000

December 5, 2022

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

---

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Unstoppable Domains Inc.*

</td></tr>
</table>

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 5, 2022, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Non-Party Scott Florcsk* | *VIA ELECTRONIC MAIL* |
| Eugene Rome, Esquire<br>Sridavi Ganesan, Esquire<br>ROME & ASSOCIATES, A.P.C.<br>2029 Century Park East, Suite 450<br>Los Angeles, CA  90067<br>*Attorneys for Non-Party Scott Florcsk* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)