IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT FLORCSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1230 (CFC) |
| | ) | |
| UNSTOPPABLE DOMAINS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Unstoppable Domains Inc. ("UD") hereby responds to Count I of
Plaintiff Scott Florcsk's ("Florcsk" or "Plaintiff") First Amended Complaint (D.I.
14, the "FAC"), the Court having granted UD's Motion to Dismiss Plaintiff's First
Amended Complaint (D.I. 17) for Counts II and III. *See* D.I. 37, 38.  Plaintiff refused
to narrow the allegations accordingly even though many of them relate only to
Counts II and III that have been dismissed. UD denies those allegations on the
grounds the allegations are no longer relevant to this action.  UD further denies all
allegations in the FAC whether express or implied, that are not specifically admitted
below. Any factual allegation below is admitted only as to the specific admitted facts
and not as to any purported conclusions, characterizations, implications, or
speculations that arguably follow from the admitted facts. UD further denies that
Florcsk is entitled to the relief requested or any other relief, including because there

is no longer any justiciable case or controversy between the parties giving rise to subject matter jurisdiction for the remaining declaratory relief cause of action.

## INTRODUCTION

1.      Denied.

2.      UD admits that it has filed applications with the United States Patent & Trademark Office for the marks WALLET and .WALLET.   UD denies the remaining allegations of Paragraph 2.

## THE PARTIES

3.      UD lacks information to admit or deny the allegations of Paragraph 3, and on that basis denies them.

4.      Denied.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains a legal conclusion to which no answer is required. To the extent a response is required, UD admits that this Court generally has subject matter jurisdiction for claims arising under the Lanham Act, but denies that an actual case or controversy exists to give rise to subject matter jurisdiction over Florcsk's claim for declaratory judgment of non-infringement of UD's trademarks (Count I). Florcsk's remaining claims (Counts II and III) have been dismissed by the Court. *See* D.I. 37, 38.

6.      Paragraph 6 contains a legal conclusion to which no answer is required. To the extent a response is required, UD admits that the Court has personal jurisdiction over it for purposes of this action.

7.      Paragraph 7 contains a legal conclusion to which no answer is required. To the extent a response is required, UD does not contest that venue is proper in this District for purposes of this action.

## FLORCSK'S GENERAL ALLEGATIONS

8.      Paragraph 8 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that a blockchain is a database linked in a peer-to-peer network of connected servers that can store transaction data associated with property rights, including cryptocurrency transactions.  UD further responds that blockchains can be used to provide an alternative to traditional domain name registries for Top-Level Domains ("TLDs") outside of the system controlled by the Internet Corporation for Assigned Named and Numbers ("ICANN").

9.      Paragraph 9 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that a blockchain is a database linked in a peer-to-peer network of connected servers or nodes throughout the world.

10.     Paragraph 10 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits each interconnected server or node contains a copy of the blockchain and the distributed network can be used to provide a variety of different services.

11.     Paragraph 11 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that it is necessary to have a means of accessing a cryptocurrency to use or spend that cryptocurrency.

12.     Paragraph 12 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.     Paragraph 13 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that Handshake is built on a public blockchain using open-source code that is generally available to be viewed by the public.  UD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies them.

14.    Paragraph 14 does not contain any allegations pertaining to UD for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 14.

15.    Paragraph 15 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that a consumer could use a TLD on the Handshake blockchain to create a website or as a form of digital identification.  UD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies them.

16.    Paragraph 16 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.    Paragraph 17 does not contain any allegations pertaining to UD for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph.  Paragraph 17.

18.    Paragraph 18 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that, generally speaking, a Domain Name System ("DNS") is used to map a domain name,

such as "google.com," to the underlying Internet Protocol ("IP") address for the website the user is trying to access.

19.     Paragraph 19 does not contain any allegations pertaining to UD for which a response is required.   To the extent a response is required, UD denies the implication that all users will know which blockchain their computer resolves to or which blockchain they want their computer to resolve to based on a domain name alone, and UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     Paragraph 20 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD lacks knowledge or information sufficient to form a belief as to the truth of the hypothetical allegations in Paragraph 20, and therefore denies them.

21.     Paragraph 21 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that it is not possible to access two different blockchains from a web browser simultaneously. UD denies that it is not possible for a consumer to confuse two Second-Level Domains ("SLDs") from different blockchains.

22.     Paragraph 22 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD denies the analogy is logical or appropriate, and it lacks knowledge or information sufficient to form a

belief as to the truth of the hypothetical allegations in Paragraph 22, and therefore denies them.

23.     Paragraph 23 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that blockchains are decentralized such that no single authority or entity such as ICANN is technologically entitled to serve as the exclusive registry for a particular TLD.

24.     Paragraph 24 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits, on information and belief, that Plaintiff is the owner of the .WALLET TLD on Handshake's blockchain.

25.     Paragraph 25 does not contain any allegations pertaining to UD for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 25.

26.     Paragraph 26 does not contain any allegations pertaining to UD for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 26.

27.     Paragraph 27 does not contain any allegations pertaining to UD or Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 27.

28.     Paragraph 28 does not contain any allegations pertaining to UD or Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 28.

29.     Paragraph 29 does not contain any allegations pertaining to UD or Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 29.

30.     Paragraph 30 does not contain any allegations pertaining to UD or Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of  Paragraph 30.

31.     UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.     UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     Paragraph 33 does not contain any allegations pertaining to UD or Florcsk's Count I for which a response is required.  To the extent a response is required, UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.     UD admits, on information and belief, that Plaintiff began offering .WALLET SLD registrations through Gateway Registry, Inc. on or about July 4, 2022.  UD further responds that it began offering .WALLET SLDs on June 15, 2021.

35.    UD admits, on information and belief, that Plaintiff began offering .WALLET SLD registrations through Gateway on or about July 4, 2022. UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36.    Paragraph 36 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that, generally speaking, a domain name registrar is a business that sells domain names to customers and manages the assignment of IP addresses for those domains.

37.    Paragraph 37 does not contain any allegations pertaining to UD for which a response is required.  To the extent a response is required, UD admits that, generally speaking, a domain registry is an entity that maintains a database of domain names and associated details regarding domain name registrants for a TLD.

38.    UD admits that, on information and belief, Gateway Registry, Inc. was operated by James Stevens.

39.    UD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.    UD admits that it is a software company and blockchain domain name provider that allows individuals and entities to purchase decentralized domain names that are minted as a non-fungible token ("NFT") on a blockchain.  UD denies the remaining allegations of Paragraph 40.

41.     UD admits that it advertises its blockchain domains for use as addresses for cryptocurrency wallets that can be used for cryptocurrency payments, among other functions. UD denies the remaining allegations of Paragraph 41.

42.     UD admits that is a private company, that it has received venture capital, and that its current market valuation exceeds $1 billion.  UD denies the remaining allegations of Paragraph 42.

43.     UD admits that its business model includes creating top-level domains and sell second-level domains to customers.  UD denies the remaining allegations of Paragraph 43.

44.     Admitted.

45.     UD admits that in 2020 it applied to the USPTO for registration of certain marks, including .x, .coin, .bitcoin, .888, .nft, .dao, .blockchain, and .wallet, and that it did not obtain registrations of those marks in 2020.  UD denies the remaining allegations of Paragraph 45.

46.     UD admits that it filed an application with the USPTO on February 24, 2020, to register the mark .WALLET (U.S. Serial No. 88/807,913).  UD denies the remaining allegations of Paragraph 46.

47.     UD admits that the USPTO issued Non-Final Office Actions for the application to register the mark .WALLET (U.S. Serial No. 88/807,913) on March 31, 2020, November 5, 2020, and May 28, 2021, and that Exhibit A to the FAC

attaches what appears to be a copy of the May 28, 2021 Non-Final Office Action. UD further responds that the Office Actions speak for themselves.

48.     UD admits that the USPTO issued a Notice of Abandonment for UD's application to register the mark .WALLET (U.S. Serial No. 88/807,913) on December 9, 2021, and that Exhibit B to the FAC appears to be a copy of that notice.

49.     UD admits that it filed an application with the USPTO on August 17, 2021, to register the mark WALLET (U.S. Serial No. 90/886,517).  UD denies the remaining allegations of Paragraph 49.

50.     UD admits that on May 23, 2022, the USPTO issued a Non-Final Office Action for UD's application to register the mark WALLET (U.S. Serial No. 90/886,517), and that Exhibit C to the FAC appears to be a copy of that notice.  UD further responds that the Office Action speaks for itself.

51.     Paragraph 51 contains Plaintiff's characterization of the USPTO's Non-Final Office Action, and UD responds that the notice speaks for itself.  UD denies the remaining allegations of Paragraph 51.

52.     Paragraph 52 contains Plaintiff's characterization of the USPTO's Non-Final Office Action, and UD responds that the notice speaks for itself.  UD denies the remaining allegations of Paragraph 52.

53.     Paragraph 53 contains Plaintiff's characterization of the USPTO's Non-Final Office Action, and UD responds that the notice speaks for itself.  UD further responds that it filed a Response to Office Action on November 23, 2022.

54.     Paragraph 54 contains a legal conclusion for which no response is required.  To the extent a response is required, UD admits that it currently does not have a federally registered trademark for .WALLET or WALLET.  UD further responds that it currently has a pending application before the USPTO for the mark WALLET.

55.     UD admits that it began offering .WALLET second-level domains on June 15, 2021, and that the current one-time prices for those domains begin at $20.  UD denies that it has sold any .WALLET SLDs for "as much as $100,000."

56.     UD admits that Florcsk sent an unsolicited message to Bradley Kam on or about June 29, 2020 with the quoted language, to which Bradley Kam responded with the quoted language.  UD denies the remaining allegations of Paragraph 56.

57.     UD denies that Plaintiff had identified any actual use in commerce of .wallet in June 2021 that UD would have reason to demand cease and desist.  UD admits that it did not demand in 2021 that Plaintiff stop making use of .wallet, which it had no reason to believe Plaintiff was using in commerce, and did not identify to Plaintiff UD's pending application, which was a matter of public record.  UD denies the remaining allegations in Paragraph 57.

58.     On information and belief, UD admits that Plaintiff began offering for sale .WALLET second-level domain names through Gateway on or about July 4, 2022.

59.     UD admits that on or about July 7, 2022, Bradley Kam of Unstoppable spoke directly with James Stevens of Gateway Registry and asked him to stop selling .WALLET SLDs, and that Mr. Stevens told Mr. Kam that although he was aware of UD's prior sale of .WALLET domains, Gateway decided to launch its own sales of competing .WALLET domains.  UD denies the remaining allegations of Paragraph 59.

60.     UD denies that it improperly claimed infringement of its .WALLET mark, denies that its application for trademark registration had fatal and non-curable flaws, and in light of the Court's dismissal of Count II and III, UD denies the remaining allegations of Paragraph 60.

61.     UD admits that Gateway did not immediately comply with UD's cease-and-desist demand.  In a direct conversation with Bradley Kam on July 7, 2022, James Stevens of Gateway told Mr. Kam that he viewed the market for NFT domains as "the Wild West" and suggested that Mr. Kam simply "f*** off."

62.     UD admits that on or about July 8, 2022, UD's counsel sent Gateway a cease-and-desist notice regarding Gateway's sale of .WALLET domain names.  UD denies the remaining allegations of Paragraph 62.

63.     UD admits that the cease-and-desist notice sent to Gateway on July 8, 2022, referenced UD's then-pending application for registration of the mark .WALLET (U.S. Serial No. 90/886,517) and that the letter was subsequently posted online on or about July 20, 2022.  UD denies the remaining allegations of Paragraph 63, including that a letter that did not contain a registration number gave the impression of a registration.

64.     UD admits that its counsel received an email on July 8, 2022, from the email address walletdomain@protonmail.com purporting to be from "the owner of .wallet," but did not identify the sender as Scott Florcsk.  The content of that email speaks for itself.  *See* D.I. 14, Ex. D.

65.     UD responds that the content of the July 8, 2022 email speaks for itself. *See* D.I. 14, Ex. D.

66.     UD admits that its counsel did not respond to the July 8, 2022 email.

67.     Paragraph 67 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 67.

68.     Paragraph 68 does not contain any allegations pertaining to Florcsk's Count I for which a response is required.  To the extent a response is required, UD admits that it filed a complaint on July 19, 2022, in the case styled *Unstoppable*

*Domains, Inc. v. Gateway Registry, Inc., et al.*, C.A. No. 22-948-CFC (D. Del.), and the complaint, which it later dismissed, speaks for itself.

69.     Paragraph 69 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of  Paragraph 67.

70.     Paragraph 70 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 67.

71.     Paragraph 71 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph.

72.     Paragraph 72 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 72.

73.     Paragraph 73 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph UD denies the remaining allegations of Paragraph 73.

74.     Paragraph 74 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 74.

75.     Paragraph 75 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 75.

76.     Paragraph 76 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 76.

77.     Paragraph 77 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 77.

78.     Paragraph 78 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 78.

79.     Paragraph 79 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 79.

80.     Paragraph 80 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 80.

81.     Paragraph 81 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 81.

82.     Paragraph 82 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 82.

83.     Paragraph 83 does not contain any allegations pertaining to Florcsk's Count I for which a response is required.  To the extent a response is required, UD admits that on August 16, 2022, the Clerk of Court entered default against the defendants in *Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.*, C.A. No. 22-948-CFC (D. Del.), that UD subsequently moved for a default judgment and a permanent injunction, that Plaintiff Scott Florcsk moved to intervene in the case on August 29, 2022, and that UD opposed that motion.  UD denies the remaining allegations of Paragraph 83.

84.     Paragraph 84 does not contain any allegations pertaining to Florcsk's Count I for which a response is required.  To the extent a response is required, UD admits on information and belief that Plaintiff has not sold .wallet SLDs since

August 2022.   UD lacks sufficient information to admit or deny the remaining allegations of Paragraph 84, and on that basis denies them.

85.     Paragraph 85 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 85.

86.     Paragraph 86 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 86.

87.     Paragraph 87 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the remaining allegations of Paragraph 87.

88.     Paragraph 88 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph 88.

89.     Paragraph 89 does not contain any allegations pertaining to Florcsk's Count I for which a response is required, and in light of the Court's dismissal of Count II and III, UD denies the allegations of Paragraph, UD denies the allegations of Paragraph 89.

## RESPONSE TO FIRST CLAIM FOR RELIEF

90.     UD incorporates its responses to Paragraphs 1-89 as if fully set forth herein.

91.     UD denies that there exists an actual and justiciable controversy between Plaintiff and UD at this time.

92.     UD denies that it is currently asserting any trademark rights against Plaintiff Scott Florcsk, or against Gateway Registry, Inc., and James Stevens.

93.     UD admits that it does not currently hold a registered trademark in .WALLET in the United States.

94.     UD admits that it abandoned its application for registration of the mark .WALLET as applied for with U.S. Serial No. 88/807,913 in December 2021 after receiving a Nonfinal Office Action from the USPTO.  UD further responds that the Office Actions speak for themselves.  UD denies the remaining allegations of Paragraph 94.

95.     UD denies the allegations of Paragraph 95.

96.     UD denies the allegations of Paragraph 96.

97.     UD admits that Plaintiff's .WALLET domains, if they existed, would operate on a different blockchain from UD's .WALLET domains.  UD denies the implication that all users will know which blockchain their computer resolves to or

which blockchain they want their computer to resolve to based on a domain name alone, and UD denies the remaining allegations of Paragraph 97.

98.     UD denies the allegations of Paragraph 98.

99.     Paragraph 99 contains a description of the relief sought by Plaintiff and a legal conclusion to which no response is required.  To the extent a response is required, UD denies that Plaintiff is entitled to any relief by virtue of his complaint and denies the remaining allegations of Paragraph 99.

100.    Paragraph 100 contains a description of the relief sought by Plaintiff and a legal conclusion to which no response is required.  To the extent a response is required, UD denies that Plaintiff is entitled to any relief by virtue of his complaint and denies the remaining allegations of Paragraph 100.

## RESPONSE TO SECOND CLAIM FOR RELIEF

101–110. Plaintiff's Second Claim for Relief has been dismissed by the Court, and no response is required.  *See* D.I. 37, 38.

## RESPONSE TO THIRD CLAIM FOR RELIEF

111-133. Plaintiff's Third Claim for Relief has been dismissed by the Court, and no response is required.  *See* D.I. 37, 38.

## DEMAND FOR JURY TRIAL

UD requests a trial by jury on all issues so triable.

## DEFENSES

### FIRST DEFENSE
### Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff's complaint fails to state a claim for declaratory relief of non-infringement at least because Plaintiff is not currently using the .WALLET mark in commerce.

### SECOND DEFENSE
### Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction for Plaintiff's claim for declaratory relief of non-infringement because there is no case or controversy between the parties.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

UD denies each and every allegation not expressly admitted above. A response to Plaintiff's Prayer for Relief is not required. To the extent a response is required, UD denies that Plaintiff is entitled to any relief whatsoever and that Plaintiff's claims should be dismissed with prejudice.

### UD'S PRAYER FOR RELIEF

WHEREFORE, Defendant Unstoppable Domains Inc. requests the following relief:

1. That the case be dismissed as lacking subject matter jurisdiction;

2. That judgment be entered in favor of UD and against Plaintiff on Count I of Plaintiff's First Amended Complaint;

3. That the Court award UD its reasonable attorneys' fees for this action and the costs associated with defending this action; and

4. That the Court grant such other and further legal and equitable relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

OF COUNSEL:

Margret Caruso
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Flr.
Redwood Shores, CA 94065
(650) 801-5000

Luke Nikas
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Flr.
New York, NY 10010
(212) 849-7000

Sean S. Pak
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California St., 22nd Flr.
San Francisco, CA 94111
(415) 875-6600

Adam B. Wolfson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3000

February 29, 2024

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Unstoppable Domains Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 29, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 29, 2024, upon the following in the manner indicated:

David E. Moore, Esquire                        *VIA ELECTRONIC MAIL*
Bindu A. Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Non-Party Scott Florcsk*

Eugene Rome, Esquire                          *VIA ELECTRONIC MAIL*
Sridavi Ganesan, Esquire
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA  90067
*Attorneys for Non-Party Scott Florcsk*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)