## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT FLORCSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1230-CFC |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| UNSTOPPABLE DOMAINS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SCOTT FLOCSK'S OPENING BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

OF COUNSEL:

Eugene Rome
Sridavi Ganesan
ROME LLP
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Tel: (310) 282-0690


Dated:  April 1, 2024
11421186 / 22478.00002

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff Scott Florcsk*

# **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS ...........................................1

II.   SUMMARY OF THE ARGUMENT ...................................................4

III.  STATEMENT OF THE FACTS ......................................................5

   A.  Unstoppable's Unsuccessful Attempts to Trademark .WALLET....................5

   B.  Unstoppable's Sham Litigation Against Gateway ...........................................6

IV.   ARGUMENT........................................................................10

   A.  Plaintiff's Amendment Is Timely and Made in Good Faith ..........................11

   B.  Defendant Will Not Suffer Prejudice ...........................................12

   C.  The Proposed Amendment is Not Futile and Promotes Efficiency ...............14

V.    CONCLUSION.....................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*" ICU Med., Inc. v. RyMed Techs., Inc.*,
    674 F. Supp. 2d 574 (D. Del. 2009)...................................................................10

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
    190 F. Supp. 2d 726 (D. Del. Mar. 6, 2002).......................................................14

*Alvin v. Suzuki*,
    227 F.3d 107 (3d Cir. 2000) .......................................................................11, 14

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) .............................................................................12

*Bos. Sci. Corp. v. Edwards Lifesciences Corp.*,
    C.A. No. 16-275-SLR-SRF, 2017 WL 781046 (D. Del. Feb. 28, 2017)......11, 13

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
    2012 WL 2365905 (D. Del. Jun. 21, 2012) ........................................................13

*CenterForce Techs., Inc. v. Austin Logistics Inc.*,
    C.A. No. 99-243 (MMS), 2000 WL 652943 (D. Del. Mar. 10, 2000) ......... 12-13

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
    252 F.3d 267 (3d Cir. 2001) .............................................................................13

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................................11

*Intell. Ventures I LLC v. Toshiba Corp.*,
    C.A. No. 13-453-SLR-SRF, 2015 WL 4916789 (D. Del. Aug. 17, 2015).........11

*J.E. Mamiye & Sons, Inc. v. Fid. Bank*,
    813 F.2d 610 (3d Cir. 1987) .............................................................................11

*Jenn-Air Prods. Co. v. Penn Ventilator, Inc.*,
    283 F. Supp. 591 (E.D. Pa. 1968)......................................................................12

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
    2011 WL 4043394 (D. Del. Sep. 12, 2011)........................................................15

*LifePort Scis. LLC v. Endologix Inc.*,
  C.A. No. 12–1791–GMS, D.I. 105 (D. Del. July 29, 2015) ...............................11

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
  C.A. No. 00-1020 (GMS), 2002 WL 598457 (D. Del. Apr. 18, 2002) ..............12

*Trueposition, Inc. v. Allen Telecom, Inc.*,
  2002 WL 1558531 (D. Del. Jul. 16, 2002) .........................................................11

*U.S. ex rel. B&R, Inc. v. Donald Lake Constr.*,
  19 F. Supp. 2d 217 (D. Del. 1998).....................................................................12

*Unstoppable Domains, Inc. v. Florcsk, et al.*
  (Case No.: 1:22-cv-01231- CFC) ..................................................................... 2-3

*Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.*
  (Case No.: 1:22-cv-00948-UNA) .........................................................................3

*Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.*
  (Case No. 22-948-CFC)......................................................................................2, 7

*Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*,
  2021 WL 5061707 (D. Del. Oct. 26, 2021) .......................................................11

## STATUTES

Sherman Act.................................................................................................passim

## RULES

FED. R. CIV. P. 15(a)(2) .......................................................................................1, 10

FED. R. CIV. P. 26(a)(1) ...........................................................................................14

Plaintiff Scott Florcsk ("Plaintiff") respectfully requests leave to file a Second Amended Complaint ("SAC") against Defendant Unstoppable Domains, Inc. ("Unstoppable" or "Defendant"). Plaintiff's new allegations address the bases for the Court's dismissal of Plaintiff's Sherman Act and Unfair Competition claims set out in the Court's February 8, 2024 Memorandum Opinion, and the SAC adds two additional claims for intentional interference with contractual relations and intentional interference with prospective business relationships.

Leave to amend should be "freely give[n]," and Plaintiff's proposed amendments are not futile, will not prejudice Defendant, and are made without undue delay, bad faith, or dilatory motive. Fed. R. Civ. P. 15(a)(2).

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff is the sole owner of Wallet Inc., the company that owns the .WALLET Top-Level Domain ("TLD") on the Handshake blockchain, and through its former registry/registrar, Gateway Registry, Inc. ("Gateway"), allowed users to register Second-Level Domains ("SLD") (webpage addresses ending in .WALLET) on the Handshake blockchain. Unstoppable is a Non-Fungible Token ("NFT") domain creator and blockchain developer, and the owner of the .WALLET on separate and distinct blockchain.

On July 19, 2022, Unstoppable filed a complaint against Gateway and its operator, James Stevens, in this District alleging common law trademark

infringement, unfair competition under Delaware law, intentional interference with contractual relations, and intentional interference with prospective business relationships.  (*Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.* (Case No. 22-948-CFC)). Gateway and Mr. Stevens did not respond or otherwise appear to defend the suit, resulting in an entry of default. When Unstoppable moved for default judgment and a permanent injunction, Plaintiff moved to intervene as the owner of the .WALLET TLD and the proper defendant in the case. Unstoppable opposed Plaintiff's motion.

On September 21, 2022, while Plaintiff's motion to intervene was pending, Plaintiff filed the instant action. That same day, Unstoppable filed a complaint against Plaintiff alleging common law trademark infringement, unfair competition under Delaware law, intentional interference with contractual relations, and intentional interference with prospective business relationships. (*Unstoppable Domains, Inc. v. Florcsk, et al.* (Case No.: 1:22-cv-01231- CFC)).

On October 13, 2022, Plaintiff filed a motion to dismiss Unstoppable's complaint, and Unstoppable filed a first amended complaint while Plaintiff's motion was pending. Plaintiff filed a motion to dismiss Unstoppable's first amended complaint on November 23, 2022.

Meanwhile, in this matter, Unstoppable filed a motion to dismiss Plaintiff's complaint on October 27, 2022 (D.I. 9), Plaintiff filed his FAC on November 14,

2022 (D.I. 14), and Unstoppable filed its motion to dismiss the FAC on December 5, 2022 (D.I. 17).

On June 23, 2023 the Court granted Plaintiff's motion to intervene in the Gateway action. Three days later, the Court issued an order requiring the parties to submit a letter stating their positions on consolidation. *See Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.* (Case No.: 1:22-cv-00948-UNA),

However, within days of the Court's Order, Unstoppable dismissed its action against Gateway without prejudice. *See Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.* (Case No.: 1:22-cv-00948-UNA) (dismissed without prejudice by Unstoppable on July 3, 2023). Further, while Plaintiff's motion to dismiss Unstoppable's first amended complaint was pending, Unstoppable also dismissed its case against Plaintiff without prejudice, leaving only the instant action. *Unstoppable Domains, Inc. v. Florcsk, et al.* (Case No.: 1:22-cv-01231- CFC) (dismissed without prejudice by Unstoppable on September 12, 2023).

After Unstoppable dismissed its case against Plaintiff, Unstoppable posted a "Tweet" on X f/k/a Twitter stating, "We voluntarily dismissed our .wallet case because defendants stopped selling conflicting domains. ***We achieved our goal*** of preventing harmful .wallet collisions and will continue to vigorously defend the rights of all of our customers & apps." (emphasis added) *See* D.I. 26, Ex. 1.

3

On December 20, 2023, the Court entered the stipulated Scheduling Order setting April 1, 2024, as the deadline by which to file amended pleadings. D.I. 31.

On February 8, 2024, the Court issued a Memorandum Opinion dismissing Plaintiff's Sherman Act and unfair competition claims, leaving one claim remaining, Plaintiff's claim for declaratory relief of non-infringement. D.I. 37.

The parties have each served their first sets of discovery in this case, and Plaintiff now moves for leave to amend the FAC and cure the deficiencies in Plaintiff's Sherman Act and unfair competition claims, as well as to add two additional claims against Unstoppable for intentional interference with contractual relations and intentional interference with prospective business relationships.

## II.     SUMMARY OF THE ARGUMENT

The Court should grant this motion in light of the liberal standard for amending pleadings and because Plaintiff's proposed amendments are not futile, not prejudicial, and otherwise comply with the requirements for amending pleadings. The Court dismissed two of Plaintiff's three claims on February 8, 2024, because Plaintiff failed to properly plead the sham litigation exception to the *Noerr-Pennington* doctrine. D.I. 37. Plaintiff's proposed amendments redress those defects in the pleadings. Indeed, the proposed SAC contains additional factual allegations leading to the plausible inference that Unstoppable's litigation filed against Gateway was "objectively baseless." The proposed SAC further seeks to amend the "market"

definition for the Sherman Act claim, and to add two state law claims based on Unstoppable's tortious interference with Plaintiff's existing contractual relations and future business relationships by targeting Plaintiff's registry/registrar and shutting down Plaintiff's business for anticompetitive purposes. Thus, Plaintiff respectfully requests leave to file its amended pleading.

## III.   STATEMENT OF THE FACTS

### A.   <u>Unstoppable's Unsuccessful Attempts to Trademark .WALLET</u>

Unstoppable has been trying unsuccessfully for years to obtain a trademark for ".WALLET" from the United States Patent and Trademark Office ("USPTO"). On February 24, 2020, Unstoppable submitted a trademark application to the USPTO to acquire a trademark for .WALLET. (U.S. Serial No. 88/807,913) However, the USPTO issued repeated denials of Unstoppable's Office application for two reasons: first, because .WALLET as a TLD "does not function as a service mark to identify and distinguish applicant's services from those of others and to indicate the source of applicant's services." Second, .WALLET is merely descriptive of the goods associated with the proposed mark. Finally, the USPTO issued a Notice of Abandonment of the .WALLET trademark application because Unstoppable failed to provide a response to the USPTO within the allotted timeframe.

On August 17, 2021, Unstoppable submitted another trademark application to the USPTO to acquire a trademark for WALLET (without "dot" preceding the mark)

(U.S. Serial No. 90/886,517). However, the USPTO denied Unstoppable's application to trademark WALLET on substantially the same grounds that it denied its application to trademark .WALLET.  Unstoppable appealed the USPTO's denial of its application for WALLET; however, before the Trademark Trial and Appeal Board could issue a decision, Unstoppable withdrew its application. Once again, the USPTO filed a Notice of Abandonment.

On August 11, 2023, Unstoppable submitted yet another trademark application to the USPTO for "WALLET" (U.S. Serial No. 98/128,707) broadening the scope of mark to include uses such as electronic messaging services and electronic transmission of messages. However, the USPTO recently denied Unstoppable's application yet again on the basis that the the "WALLET" mark is merely descriptive. Unstoppable has not yet responded to the USPTO on this issue.

### B.      Unstoppable's Sham Litigation Against Gateway

On July 4, 2022, Plaintiff began offering for sale .WALLET SLDs on the Handshake blockchain using Gateway as its TLD registry/registrar. Days later, Unstoppable contacted James Stevens of Gateway ordering him to stop selling .WALLET SLDs on the Handshake blockchain, improperly claiming that the .WALLET domain name on Handshake's blockchain infringed Defendant's trademark of .WALLET on Defendant's blockchain, and referencing its trademark application number (U.S. Serial No. 90/886,517). Gateway did not comply with

Unstoppable's demands because in the realm of decentralized blockchains, there can be no infringement and/or regulation.

On July 8, 2022, Plaintiff sent an email to Unstoppable's lawyer, identifying himself as the owner of the .WALLET TLD on Handshake's blockchain and detailing the history of his procurement of the TLD. Plaintiff indicated that as the owner of the .WALLET domain, Unstoppable's dispute was more properly a dispute with Plaintiff and invited Defendant's counsel to correspond with him directly, but Unstoppable's attorneys did not respond to Plaintiff's email.

On July 19, 2022, Unstoppable filed a complaint against Gateway and Mr. Stevens in this District alleging common law trademark infringement, unfair competition under Delaware law, intentional interference with contractual relations, and intentional interference with prospective business relationships. (*Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.* (Case No. 22-948-CFC)). Defendant filed suit against Gateway because Defendant knew that Gateway did not have the interest or the means to engage in a lengthy and expensive legal battle with Defendant, an incredibly wealthy private firm backed by venture capitalists of considerable means. Just as it did with its cease-and-desist letter to Gateway, in its complaint, Defendant touted that "Unstoppable Domains possesses trademark rights in the .WALLET mark, by way of its use of that mark ***and its filings with the U.S. Patent and Trademark Office***. *See* U.S. Serial No. 90/886,517." (emphasis added).

Yet, the law is well-settled that a mark cannot be trademarked if it is merely descriptive and generic. Nor can the mark be subject to trademark protection if it does not serve as a source identifier of the services associated with the mark. *See United States Patent Office v. Booking.com B.V.*, 140 Sup. Ct. 2298, 2303 (2020) (explaining why "wine" cannot be eligible for trademark protection). Here, "WALLET" is merely descriptive of the services associated with the proposed mark because the domains facilitate payments to and from cryptocurrency/digital wallets, and "WALLET" as a TLD cannot function as a service mark because it does not identify and distinguish Unstoppable's services from those of others and to indicate the source of its services. Moreover, there is no law that confers trademark rights merely based on a trademark application with the USPTO.  Thus, no reasonable litigant could realistically expect success on the merits in Unstoppable's trademark infringement case against Gateway and Mr. Stevens, given the impossibility of trademarking "WALLET".

Unstoppable knew that filing a lawsuit would be widely discussed on social media and in news outlets frequently viewed by consumers and potential customers of blockchain SLDs.  Unstoppable also knew that without a TLD registry/registrar, Plaintiff would not have the ability to continue to sell his .WALLET SLDs on the Handshake blockchain, effectively crippling Plaintiff's business. Unstoppable's lawsuit against Gateway was nothing more than a sham to cover Unstoppable's

attempt to interfere directly with the business relationships of Plaintiff – Defendant's competitor – through a baseless lawsuit concealing an anticompetitive motive.

Just as Unstoppable predicted, Gateway could not afford the legal fees associated with defending the lawsuit and had no property or other interest in the .WALLET TLD, and opted to close its registry business on or about the last week of July 2022. Gateway and Mr. Stevens did not respond or otherwise appear to defend the suit, resulting in an entry of default. When Unstoppable moved for default judgment and a permanent injunction, Plaintiff moved to intervene. Unstoppable opposed Plaintiff's motion.

Since Gateway closed it digital doors, Plaintiff has been unable to sell his .WALLET SLDs on Handshake's blockchain, as other potential TLD registries and registrars are fearful of unwarranted and expensive retaliation from Unstoppable. Unstoppable brought its sham litigation against Gateway and Mr. Stevens and made false statements about infringement as a means to discourage and or completely prevent consumers from registering .WALLET SLDs on Handshake's blockchain, with the express intent to drive its competitors out of business, monopolize the .WALLET TLD market, and ultimately to destroy Handshake itself.

Plaintiff's .WALLET TLD has been offline since Gateway shuttered the business, as was Unstoppable's plan, and existing customers have been unable to access their digital assets.

Unstoppable's lawsuit was a sham. "WALLET" cannot be trademarked. Unstoppable used the governmental process, as opposed to the outcome of the process, as an anti-competitive weapon, both in its sham lawsuit against Gateway, as well as in its repeated applications with the USPTO.

The Court dismissed Plaintiff's Sherman Act and unfair competition claims on the basis that Plaintiff failed to allege the objectively baseless prong of the Noerr-Pennington sham litigation exception. Plaintiff now seeks leave from this Court to amend the FAC in order to redress the deficiencies identified by the Court in its Memorandum Opinion. Plaintiff further seeks leave to add tortious interference claims and to modify the "market" definition for its Sherman Act claim..

## IV.   ARGUMENT

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities*." ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (citing *Dole v. Arco Chem. Co*., 921 F.2d 484, 487 (3d Cir. 1990)). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also

*Alvin v. Suzuki*, 227 F.3d 107, 121-22 (3d Cir. 2000); *Vitaworks IP, LLC v. Glanbia*

*Nutritionals (NA), Inc.*, 2021 WL 5061707, *1-2 (D. Del. Oct. 26, 2021) (same).

As explained more fully below, Plaintiff's requested amendment is timely and

in good faith, is not prejudicial to Defendant, is not futile, and promotes efficiency

and judicial economy.

## A.    Plaintiff's Amendment Is Timely and Made in Good Faith

Filing a "motion for leave to amend … within the deadline set forth in the

scheduling order for amending pleadings, … generally precludes a finding of undue

delay." *Intell. Ventures I LLC v. Toshiba Corp.*, C.A. No. 13-453-SLR-SRF, 2015

WL 4916789, at *2 (D. Del. Aug. 17, 2015); *Bos. Sci. Corp. v. Edwards Lifesciences*

*Corp.*, C.A. No. 16-275-SLR-SRF, 2017 WL 781046, at *2 (D. Del. Feb. 28, 2017)

(collecting cases). Even if a party "could have filed its motion sooner, the court

cannot say the delay was undue … when this was explicitly contemplated as a

possibility" by dates set forth in the Court's Scheduling Order. *LifePort Scis. LLC v.*

*Endologix Inc.*, C.A. No. 12–1791–GMS, D.I. 105 at 2 (D. Del. July 29, 2015).

Similarly, courts have found that a timely filed proposed amendment weighs

against a finding of bad faith. *See Trueposition, Inc. v. Allen Telecom, Inc.*, 2002

WL 1558531, at *2-*3 (D. Del. Jul. 16, 2002). Challenges based on bad faith "'focus

on the plaintiffs' motives for not amending their complaint … earlier,'" *J.E. Mamiye*

11

& *Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 614 (3d Cir. 1987) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984)), and typically rely on some showing of a "sinister motive" or "nefarious purpose." *U.S. ex rel. B&R, Inc. v. Donald Lake Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998).

Here, the stipulated Scheduling Order set the deadline to file amended pleadings for April 1, 2024 (D.I. 31), and Plaintiff has filed its Motion by that date. Accordingly, Plaintiff's request for leave is *per se* timely. Moreover, Plaintiff seeks in good faith to cure the defects in his FAC pursuant to the Memorandum Opinion of the Court, and there is nothing sinister or nefarious about following an agreed-upon schedule to do so.

### B.    Defendant Will Not Suffer Prejudice

Defendant bears the burden of proving that Plaintiff's proposed amendments would cause it actual prejudice. *See Pegasus Dev. Corp. v. DirecTV, Inc.*, C.A. No. 00-1020 (GMS), 2002 WL 598457, at *2 (D. Del. Apr. 18, 2002). In particular, Defendant must show it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that could have been presented had the amendment been made earlier. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989); *CenterForce Techs., Inc. v. Austin Logistics Inc.*, C.A. No. 99-243 (MMS), 2000 WL 652943, at *6 (D. Del. Mar. 10, 2000); *see also Jenn-Air Prods. Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 (E.D. Pa. 1968) ("[P]rejudice ordinarily

is not considered to have occurred unless the motion is made during or after the actual trial."). The court must consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). However, no undue prejudice exists where, as here, the parties will have ample time to conduct discovery on the newly added claims. *See Centerforce Techs., Inc. v. Austin Logistics, Inc.*, 2000 WL 652943, at *6-*7 (D. Del. Mar. 10, 2000).

Moreover, when a motion to amend the complaint is "filed timely…, there can be no unfair prejudice to defendant." *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 2012 WL 2365905, at *2 (D. Del. Jun. 21, 2012). Prejudice is especially unlikely when the motion to amend is timely filed and the party opposing amendment "stipulate[ed] to the deadline for amended pleadings in the scheduling order." *Bos. Sci. Corp.*, 2017 WL 781046, at *2.

Here, not only is Plaintiff's Motion timely, but the deadline to amend was one of the dates ***on which the parties agreed*** in the Scheduling Order. D.I. 31. Defendant has no grounds to claim prejudice on the basis of additional discovery, cost, and preparation to defend against new facts or new theories. Plaintiff's proposed factual amendments do not fundamentally change the nature of or the evidence supporting claims already at issue in this case, and Plaintiff's proposed tortious interference

13

claims rely substantially on the facts supporting Plaintiff's Sherman Act and unfair competitions claims.

Moreover, discovery is not scheduled to conclude until August 22, 2024, nearly five (5) months from now. The trial in this matter is not scheduled to begin for fifteen (15) months. Only one pertinent deadline has passed to date – service of the Parties' Rule 26(a)(1) initial disclosures. Plaintiff's decision to amend the FAC was a possibility inherently considered by the structure of the dates set in the Scheduling Order, and thus should come as no surprise to Unstoppable. Plaintiff does not seek to modify the Scheduling Order. To the contrary, Plaintiff is adhering to it.

### C.    The Proposed Amendment is Not Futile and Promotes Efficiency

A motion for leave to amend is not futile unless it is clear that the amended complaint "would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin*, 227 F.3d at 121; *see also Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736-37 (D. Del. Mar. 6, 2002). Even then, courts have stated that the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Agere Sys.*, 190 F. Supp. 2d at 736. Furthermore, to require "the filing of another lawsuit []

would not promote the interests of judicial efficiency." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 4043394, *2 (D. Del. Sep. 12, 2011).

In the Court's Memorandum Opinion dismissing Plaintiff's Sherman Act and unfair competition claims, the Court held that Plaintiff failed to adequately plead the objectively baseless prong of the sham litigation exception to the *Noerr-Pennington* doctrine. D.I. 37, pp. 5-8. The Court pointed out that Plaintiff's FAC focused on the fact that the USPTO repeatedly denied Unstoppable's trademark applications as evidence that no reasonable litigant would expect success on the merits against Gateway. *Id*. The Court reasonably concluded that the fact that the USPTO declined to register the marks does not automatically render a mark ineligible for trademark protection. *Id*. However, it is not simply **the fact** that Unstoppable's trademark applications were denied that makes Unstoppable's litigation against Gateway a sham, but rather **the reasons why** the USPTO denied the applications.

The word "wallet" with or without a dot preceding it cannot be trademarked because it is merely descriptive and does not serve as a source identifier of Unstoppable's goods or services. Descriptive terms that do not serve as source identifiers cannot be trademarked. This is well-settled law. *See United States Patent Office v. Booking.com B.V.*, 140 Sup. Ct. 2298, 2303 (2020). The USPTO's repeated denial of Unstoppable's trademark applications in these bases would not and could not change in the context of a common law trademark. Thus, a reasonable litigant

could never realistically expect success on the merits of a common law trademark lawsuit under these factual circumstances when the mark is impossible to trademark.

Plaintiff's proposed additional allegations of impossibility support Plaintiff's argument that Unstoppable's suit against Gateway was a sham, and read in the light most favorable to Plaintiff, would survive a motion to dismiss for failure to state a claim. Thus, Plaintiff's proposed amendments are not futile.

Moreover, Plaintiff's additional state law claims for intentional interference with contractual relations and intentional interference with prospective business relationships would be more efficiently litigated in tandem with Plaintiff's claims under federal law in this action. The claims all rely on substantially the same set of operative facts and call for application of the same evidence. Thus, the Court should permit Plaintiff to amend the FAC.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff Scott Florcsk respectfully requests that the Court grant his Motion for Leave to File his Second Amended Complaint.

16

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Eugene Rome
Sridavi Ganesan
ROME LLP
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Tel: (310) 282-0690

By:  */s/ David E. Moore*
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Andrew L. Brown (#6766)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     abrown@potteranderson.com

Dated:  April 1, 2024
11421186 / 22478.00002

*Attorneys for Plaintiff Scott Florcsk*

17