IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT FLORCSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1230 (CFC) |
| | ) | |
| UNSTOPPABLE DOMAINS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT UNSTOPPABLE DOMAINS INC.'S MOTION TO STAY PENDING RESOLUTION OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Defendant Unstoppable Domains Inc. ("Unstoppable" or "Defendant") respectfully moves to stay this case pending resolution of its concurrently filed motion to dismiss Plaintiff Scott Florcsk's claim for a declaratory judgment of non-infringement (First Claim for Relief) under Fed. R. Civ. P. 12(b)(1) in view of a Covenant Not to Sue provided by Unstoppable (D.I. 50.)   A proposed order is attached.

## NATURE AND STAGE OF PROCEEDINGS

Florcsk filed this case on September 21, 2022, seeking a declaratory judgment of non-infringement of Defendant's common law trademark rights in .WALLET and asserting claims of unfair competition and violation of Section 2 of the Sherman Act. D.I. 1.  In response to Defendant's motion to dismiss the unfair competition and Sherman Act claims (D.I. 9), Florcsk filed a First Amended Complaint (D.I. 14, the

"FAC") on November 13, 2022.  Defendant again moved to dismiss the amended unfair competition and Sherman Act claims (D.I. 17), which the Court granted on February 8, 2024 (D.I. 37, 38), leaving only Florcsk's claim for a declaratory judgment of non-infringement of Defendant's trademark.  Defendant answered the FAC on February 29, 2024. D.I. 46.  The Court entered a Scheduling Order on December 20, 2023 (D.I. 31), setting a fact discovery deadline of August 22, 2024, an expert discovery deadline of November 27, 2024, and a jury trial to begin in July 2025.  The parties have exchanged discovery requests and responses, but no documents have been produced and no depositions have been scheduled.

On April 1, 2024, Unstoppable moved to dismiss Florcsk's declaratory judgment claim for lack of subject matter jurisdiction in view of an executed covenant not to sue from Unstoppable that prohibits it from asserting any trademark claim against Florcsk for infringement of Unstoppable's rights in the .WALLET marks.  D.I. 50.  Also on April 1, the last day to amend pleadings under the Scheduling Order (see D.I. 31, ¶ 1), Florcsk filed a motion for leave to file a second amended complaint that seeks to revive his Sherman Act and unfair competition claims the Court previously dismissed, as well as adding two additional claims for intentional interference with contractual relations and intentional interference with prospective business relationships.  D.I. 48.  Unstoppable intends to oppose the motion for leave in due course.

## STATEMENT OF RELEVANT FACTS

Following the Court's dismissal of Florcsk's unfair competition and antitrust claims, Unstoppable provided Florcsk with a Covenant Not to Sue ("CNS") on February 28, 2024, which moots in full his declaratory judgment claim. *See* D.I. 51 at 5-6. That CNS broadly prohibits Unstoppable from ever making any claim or demand against Florcsk concerning Unstoppable's WALLET Marks in connection with goods or services relating to blockchain domain names and functionality. Unstoppable amended the CNS twice, on March 15 and March 28, in response to complaints from Florcsk that the original CNS did not specifically include domain name registrars, registries, or registrants. *Id.* at 7-8; D.I. 52, Ex. E (March 28, 2024 executed CNS).

On the evening of March 26, after business hours, Florcsk's counsel suggested – for the first time in the seven weeks since the Court dismissed his Sherman Act and unfair competition claims – that Florcsk intended to amend the First Amended Complaint "to cure the pleading deficiencies described in the Court's Order dismissing the Sherman Act and Unfair Competition claims" and to add tortious interference claims. D.I. 52, Ex. D. Plaintiff proposed a meet and confer after 1:00 ET on March 28 to discuss the proposed amendment and stated that it would send a redlined version of the proposed second amended complaint in advance of the call. Because counsel for Unstoppable was not available at the time requested by

3

Florcsk's counsel, and was unavailable on Good Friday, Unstoppable suggested on March 28 that Florcsk send the proposed second amended complaint to allow counsel to discuss with Unstoppable and the parties would meet and confer thereafter.  Florcsk's counsel finally sent the proposed second amended complaint the afternoon of April 1, requesting a meet and confer on the proposed amendment. Before Unstoppable's counsel had an opportunity to review the proposed amended complaint or discuss with their client, Florcsk filed his motion for leave to amend without meeting and conferring first.  D.I. 48.

Also on April 1, despite the broad language of the CNS, and Unstoppable's revisions to it to include the language specifically requested by Florcsk, Florcsk's counsel stated that he does not believe that the CNS resolves the threat of litigation by Unstoppable.  Accordingly, to avoid the unnecessary expense and burden of litigation for which no actual controversy exists, Unstoppable was forced to move to dismiss Florcsk's declaratory judgment claim for lack of subject matter jurisdiction in view of the CNS.

## ARGUMENT

The CNS moots the only remaining claim asserted by Florcsk, which seeks only a declaratory judgment of non-infringement of Unstoppable's rights in its .WALLET marks.  Specifically, the CNS prohibits Unstoppable from making any claims or demands concerning Florcsk's past or future use of the .WALLET marks.

The CNS also extends to any individuals or entities working with Florcsk, including domain name registrars and registries, as well as any customers of any of those entities.  *See* D.I. 52, Ex. E.

Because the CNS fully moots the only claim at issue in this case, a stay of the litigation is warranted pending the Court's resolution of Unstoppable's pending motion to dismiss.  Absent a stay, the parties will expend significant resources on discovery that will ultimately be unnecessary, which may include disputes requiring the Court's attention.  All of the relevant factors here warrant a stay, especially where the requested stay will be of short duration while the Court considers the pending motion to dismiss which would dispose of the entire case.  *See, e.g., Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."); *see also Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (staying discovery pending resolution of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

In analyzing a motion to stay, the Court typically consider three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set;

and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015). Each of these factors weigh in favor of a stay here.

With respect to the first factor, Unstoppable's pending motion to dismiss will likely dispose entirely of Florcsk's declaratory judgment claim because the CNS moots the issue entirely, which is the only claim at issue in the case. Indeed, even if the Court were to deny the motion to dismiss, the fully executed CNS would prohibit Unstoppable from ever asserting its .WALLET marks against Florcsk or any party affiliated with him, which eliminates the need for resolution of his declaratory judgment claim at trial.

The second factor also favors a stay, because the litigation is still in its early stages, with the parties only serving and responding to initial discovery requests. Neither party has produced documents, no depositions have been noticed or scheduled, and fact discovery does not conclude for five months. Although a trial has been scheduled for July 2025, that is more than a year away. Moreover, Florcsk's April 1 motion for leave to file a second amended complaint will need to be briefed and resolved by the Court. If the Court were to grant Florcsk's motion, it is likely to lead to further motion practice on the revived and new claims asserted in Florcsk's proposed amendment. Given these realities, it is extremely unlikely that

the current scheduling deadlines will remain in place, including the close of fact discovery in August 2024, close of expert discovery in November 2024, dispositive motions in December 2024, pretrial deadlines in June 2025, and trial in July 2025.

Finally, a stay will neither prejudice Florcsk nor provide a tactical advantage to Unstoppable. The stay will merely maintain the status quo while preserving party and Court resources until the Court resolves the motion to dismiss, and, if necessary motion practice on Florcsk's motion for leave to amend and proposed second amended complaint. Moreover, the executed CNS provides the entirety of the relief available to Florcsk in this action, so there is no basis for any claim of prejudice during the stay. As noted above, even if the Court were to deny the motion to dismiss, the CNS eliminates any need for litigation of Florcsk's declaratory judgment claim, the only operative claim in the case today. To the extent there is anything remaining of the case following the Court's resolution of Unstoppable's motion to dismiss, Florcsk's motion for leave to amend, and, if needed, motion practice on Florcsk's proposed second amended complaint, the parties can resume litigating in short order on a revised schedule.

In contrast, denying a stay would cause significant prejudice to Unstoppable. It would be forced to continue litigating a claim that has been fully mooted by the CNS, at substantial expense to Unstoppable.

For the foregoing reasons, Unstoppable respectfully requests that the Court stay all proceedings until it has resolved Unstoppable's motion to dismiss for lack of subject matter jurisdiction.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| Margret Caruso | /s/ Michael J. Flynn |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 555 Twin Dolphin Dr., 5th Flr. | Jack B. Blumenfeld (#1014) |
| Redwood Shores, CA 94065 | Michael J. Flynn (#5333) |
| (650) 801-5000 | 1201 North Market Street |
| | P.O. Box 1347 |
| Luke Nikas | Wilmington, DE 19899 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | (302) 658-9200 |
| 51 Madison Ave., 22nd Flr. | jblumenfeld@morrisnichols.com |
| New York, NY 10010 | mflynn@morrisnichols.com |
| (212) 849-7000 | |
| | Attorneys for Defendant |
| Sean S. Pak | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 50 California St., 22nd Flr. | |
| San Francisco, CA 94111 | |
| (415) 875-6600 | |
| | |
| Adam B. Wolfson | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 865 S. Figueroa St., 10th Floor | |
| Los Angeles, California 90017 | |
| (213) 443-3000 | |
| | |
| April 3, 2024 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT FLORCSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1230 (CFC) |
| | ) | |
| UNSTOPPABLE DOMAINS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER ON DEFENDANT'S MOTION TO STAY

The Court, having considered Defendant's motion to stay these proceedings pending resolution of its motion to dismiss Plaintiff's claim for a declaratory judgment of non-infringement (First Claim for Relief) under Fed. R. Civ. P. 12(b)(1) and the related briefing and arguments of the parties,

IT IS HEREBY ORDERED, this ___ day of _____, that Defendant's motion to stay is GRANTED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 1,599 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the motion.

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333)

## <u>CERTIFICATION UNDER D. DEL. LR 7.1.1</u>

Counsel for Defendant spoke with counsel for Plaintiff about the foregoing motion to stay, and counsel for Plaintiff stated that it will oppose the requested relief.

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 3, 2024, upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Bindu A. Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Scott Florcsk*

Eugene Rome, Esquire                                      *VIA ELECTRONIC MAIL*
Sridavi Ganesan, Esquire
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA  90067
*Attorneys for Scott Florcsk*

*/s/ Michael J. Flynn*

_____
Michael J. Flynn (#5333)