# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT FLORCSK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-1230-CFC ) |
| UNSTOPPABLE DOMAINS INC., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

### PLAINTIFF SCOTT FLORCSK'S RESPONSE TO DEFENDANT UNSTOPPABLE DOMAINS INC.'S MOTION TO STAY PENDING RESOLUTION OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)

Plaintiff Scott Florcsk ("Plaintiff") submits this response to Defendant Unstoppable Domains, Inc. ("Unstoppable") Motion to Stay Pending Resolution of its Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Stay Motion"). Unstoppable filed its Stay Motion without meeting and conferring with Plaintiff as required pursuant to D. Del. LR 7.1.1 and this Court's Procedures. Declaration of Sridavi Ganesan in Support of Opposition, ¶ 3.

Having no record or recollection of meeting and conferring on Unstoppable's Stay Motion, Delaware counsel for Plaintiff reached out to counsel for Unstoppable prior to filing this response. Unstoppable's counsel believed the motion was discussed on March 8th and March 15th. Plaintiff disagrees. *Id.* at ¶ 4. The only time

Unstoppable requested a "stay" related to its Motion to Dismiss, was in an email attaching its first revised version of the Covenant Not to Sue ("CNS") on March 20, 2024. In that email, Unstoppable's counsel offered to extend Plaintiff's deadline to respond to Unstoppable's discovery requests "provided that Florcsk agrees to stay all deadlines in the event that we need to move to dismiss based on the CNS." *Id.* at ¶ 2, Ex. A. Plaintiff did not respond to this "offer" and served his discovery responses timely. *Id*. Subsequently, Unstoppable served a further revised version of the CNS on March 28, that served as the basis of its Motion to Dismiss for Lack of Subject Matter Jurisdiction. *Id*. at ¶ 3.

Had Unstoppable conferred, Plaintiff would have informed counsel for Unstoppable that he would agree to stipulate to stay this case until after resolution of Unstoppable's Motion to Dismiss *and* Plaintiff's Motion for Leave to Amend the First Amended Complaint (D.I. 48, "FAC"), both of which were filed on April 1, 2024. Instead, Unstoppable unilaterally filed its Stay Motion, prompting avoidable and unnecessary motion practice.

In order to make the most efficient use of judicial resources and the time and effort of both Parties, Plaintiff respectfully requests that the case be stayed pending resolution of both Defendant's Motion to Dismiss *and* Plaintiff's Motion for Leave to Amend the FAC.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Bindu A. Palapura* |
|  | David E. Moore (#3983) |
| Eugene Rome | Bindu A. Palapura (#5370) |
| Sridavi Ganesan | Andrew L. Brown (#6766) |
| ROME LLP | Hercules Plaza, 6th Floor |
| 2029 Century Park East, Suite 450 | 1313 N. Market Street |
| Los Angeles, CA 90067 | Wilmington, DE 19801 |
| Tel: (310) 282-0690 | Tel: (302) 984-6000 |
|  | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |
|  | abrown@potteranderson.com |
| Dated: April 24, 2024 | *Attorneys for Plaintiff Scott Florcsk* |
| 11474562 / 22478.00002 |  |

3