IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT FLORCSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1230 (CFC) |
| | ) | |
| UNSTOPPABLE DOMAINS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNSTOPPABLE DOMAINS INC.'S**
**REPLY BRIEF IN FURTHER SUPPORT OF ITS**
**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Margret Caruso
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Flr.
Redwood Shores, CA 94065
(650) 801-5000

Luke Nikas
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Flr.
New York, NY 10010
(212) 849-7000

Sean S. Pak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Flr.
San Francisco, CA 94111
(415) 875-6600

Adam B. Wolfson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3000

April 29, 2024

# TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. UNSTOPPABLE'S COVENANT NOT TO SUE EXTINGUISHES THE ONLY REMAINING CONTROVERSY .......... 1

II. PLAINTIFF'S FAILURE TO ADDRESS UNSTOPPABLE'S PRUDENTIAL ARGUMENTS CONSTITUTES A WAIVER .......... 9

III. PLAINTIFF'S FUTILE EFFORTS TO AMEND HIS COMPLAINT CANNOT REVIVE THE COURT'S JURISDICTION .......... 9

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Abbott Lab'ys v. Johnson & Johnson, Inc.*, 2007 WL 2828176 (D. Del. Sept. 27, 2007)....................10

*Already, LLC v. Nike, Inc.* 568 U.S. 85 (2013)....................4, 5, 8

*Aquatech Int'l Corp. v. N.A. Water Sys., LLC*, 2013 WL 3972625 (W.D. Pa. July 31, 2013)....................8

*Chamber of Com. of U.S. of Am. v. U.S. Dep't of Energy*, 627 F.2d 289 (D.C. Cir. 1980)....................9

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)....................2

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167 (2000)....................4

*Haskell Off. LLC v. MooreCo, Inc.*, 2022 WL 1592572 (E.D. Pa. May 19, 2022)....................2, 5, 6

*Laird v. Tatum*, 408 U.S. 1 (1972)....................3, 4

*Mockingbird Foundation, Inc. v. Quang-Tuan Luong* 2020 WL 858099 (N.D. Cal. Feb. 20, 2020)....................5

*Peters v. Ryan*, 2017 WL 1393692 (D. Del. Apr. 13, 2017)....................8

*Power Integrations, Inc. v. Waverly Licensing LLC*, C.A. No. 22-1554-CFC, 2024 WL 1071198 (D. Del. March 12, 2024)....................6

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329 (Fed. Cir. 2008)....................3

*In re Rivastigmine Pat. Litig. (MDL No. 1661)*,
2007 WL 1154000 (S.D.N.Y. Apr. 19, 2007) ....................................................9

**Rules**

Fed. R. Civ. P 12(b)(1)...........................................................................................1

## INTRODUCTION

Florcsk's Opposition identifies no actual controversy between the parties concerning the sole remaining Count of the operative complaint—his request for declaratory relief relating to Unstoppable's common law .WALLET trademark rights. In light of Unstoppable's covenant not to sue ("CNS"), Florcsk cannot point to any planned action by him, or any customer or business partner of his, that would be exposed to future litigation from Unstoppable relating to those rights. Indeed, he concedes that "Unstoppable's CNS encompasses past, present, and future sales by Plaintiff or his registries and registrars of .WALLET SLDs." D.I. 56 ("Opp.") at 15. That concession alone is dispositive. Everything else in his Opposition is just noise. Accordingly, the Court should hold it has no subject matter jurisdiction over Count I and dismiss it with prejudice. Alternatively, the Court should dismiss the case on prudential grounds, which Florcsk did not even challenge.

## ARGUMENT

### I. UNSTOPPABLE'S COVENANT NOT TO SUE EXTINGUISHES THE ONLY REMAINING CONTROVERSY

Florcsk offers two theories in an effort to resuscitate his declaratory relief claim. Both are without merit.

First, he argues that certain actions that occurred *before* Unstoppable's February 2024 CNS—*i.e.*, dismissals without prejudice in 2023 and a 2023 tweet—lead him to believe Unstoppable will sue him again. Opp. 5-6, 19 (citing D.I. 26,

Ex. 1). But whatever apprehension those events from months ago might have created regarding possible revival of Unstoppable's WALLET and .WALLET trademark claims, the CNS extinguished that possibility. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) ("It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions. The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant.").

Second, Florcsk claims that it is not enough for Unstoppable to have foreclosed any conceivable litigation claim against him concerning the WALLET and .WALLET trademark rights addressed by the CNS—the sole trademark rights at issue in Count I of the FAC—instead, he contends that to divest the Court of jurisdiction, Unstoppable must foreswear any possible trademark claim ever, including as to "another of [Unstoppable's] current or future marks." Opp. 18. That is wrong. *See Haskell Off. LLC v. MooreCo, Inc.*, 2022 WL 1592572, at *5 (E.D. Pa. May 19, 2022) (dismissing non-infringement counterclaim and rejecting defendant's argument that plaintiff's "'refusal to consider a covenant not to sue' [over a design patent not at issue in the litigation] demonstrates a 'clear intent to keep a patent infringement suit in its back pocket'").

As discussed below, Florcsk cites no authority that holds that to moot a trademark declaratory relief action a covenant not to sue must extend to every

possible claim concerning all existing and future trademarks. Indeed, such a holding would not make sense. Trademark validity and infringement analysis is dependent on the specific trademarks and uses in question. As Florcsk's declaratory relief claim illustrates, the relevant allegations are specific to a particular trademark (.WALLET). *See, e.g.*, D.I. 14 ("FAC") ¶¶ 91-100; *see also, e.g.*, D.I. 48-1 ("Proposed SAC") ¶¶ 114-123. These arguments do not apply to other possible trademarks like .UNSTOPPABLE or .COIN.

To the extent Florcsk suggests otherwise (*see* Opp. 7), it is inconsistent both with the actual declaratory relief sought (FAC ¶¶ 91-100) and with how trademark declaratory judgment actions work. They need to identify specific trademark rights that have been asserted and actual uses in commerce that are being made. There would not be subject matter jurisdiction *from the outset* of the filing of any claim for declaratory relief action purporting to seek a declaration regarding unidentified trademark rights or uses. *See, e.g.*, *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) ("[T]he proper focus in determining jurisdiction are 'the facts existing at the time the complaint *under consideration* was filed.'"); *id.* at 1338 ("The mere existence of a potentially adverse patent does not cause an injury nor create an imminent risk of an injury"); *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm").

Consistent with the controversy-specific nature of asserted trademarks, the U.S. Supreme Court in *Already, LLC v. Nike, Inc*., did not require the covenant to extend to *all* of Nike's trademarks, but was satisfied there was no longer a case in controversy because the covenant encompassed all claims that could be brought based on *the asserted trademark* for Air Force 1. 568 U.S. 85, 98 (2013) (Nike's CNS protected Already "from litigation relating to the Air Force 1 trademark").[1] That is because the covenant need only be broad enough to ensure that the "allegedly wrongful behavior" cannot recur. *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 190 (2000)). Because the "allegedly wrongful behavior" involved only the Airforce 1 trademark, that was the only one the covenant needed to address. *Id.* at 88 (Already's declaratory judgment claim "contend[ed] that the Air Force 1 trademark is invalid").

Florcsk, in contrast to *Nike*'s holding, seeks the equivalent of having the Nike covenant cover not just claims based on the Air Force 1 trademark, but any other existing or future Nike trademark, such as Air Jordan, Air Max, the Nike swoosh, and so forth. But the Supreme Court expressly recognized that Already's use of a different Nike trademark, like the swoosh, would be outside of the scope of the

[1] Nike's CNS defined the "NIKE Mark" as the "federal and common law trademark rights in the design of NIKE's Air Force 1 low shoe." Flynn Decl., Ex. A.

covenant and expose Already to litigation. *Id.* at 94. That was not enough to change the determination of mootness.

Florcsk's attempt to equate the scope of *trademark rights* covenanted by Unstoppable with Already's protected *products* (Opp. 15) instead of with Nike's single trademark must be seen for the misdirection it is. Just as Nike's CNS extended to all future Already shoes, Unstoppable's CNS extends to any possible Florcsk domain name products, and it does not matter that what those products are protected *from* is limited (as in *Nike*) to the particular trademark rights at issue. *See* CNS (D.I. 52-5). In other words, whatever SLDs Florcsk offers, Unstoppable cannot sue for infringement based on the WALLET rights at issue in this lawsuit. *Nike* does not require anything more. 568 U.S. at 98; *see also Haskell*, 2022 WL 1592572, at *5. Because Unstoppable's CNS is coextensive with Nike's, its motion should be granted. *See* Flynn Decl., Ex. B (redline of the Nike covenant).

Florcsk's remaining authority (Opp. 13-18) does not supersede *Nike* or compel a different conclusion here. His primary argument rests on an unpublished opinion concerning a copyright license, not a trademark covenant not to sue. Opp. 16-18 (citing *Mockingbird Foundation, Inc. v. Quang-Tuan Luong* 2020 WL 858099, at *4 (N.D. Cal. Feb. 20, 2020)). The court was concerned about the usual situation the case presented of a serial plaintiff-photographer and "repeat players," engaged in abusive tactics like making scraping websites of nonprofits and individuals for

similar pictures and issuing settlement demands, as well as the disputed license's failure to cover all of the images he threatened to sued Mockingbird for. *Id.* at *5 (noting plaintiff's counsel "is a 'leading filer' of copyright infringement demand letters"); *id.* at *2 ("The demand letters only referred to the single aforementioned linked photograph, but the draft complaint sought damages for 'each and every' instance of copyright infringement by Mockingbird, as well as attorney fees and costs"). Moreover, the operative complaint sought declaratory judgments for "*any* of defendant's photographs." *Id.* at *2. Thus, even if a copyright decision could be conceptually applicable, it is not here, given the fact-specific nature of Florcsk's allegations that .WALLET is invalid due to its descriptiveness. *See* FAC ¶¶ 94-95; *see also Power Integrations, Inc. v. Waverly Licensing LLC*, C.A. No. 22-1554-CFC, 2024 WL 1071198 (D. Del. March 12, 2024) (granting motion to dismiss for lack of subject-matter jurisdiction based on covenant not to sue where the only asserted claim was for declaratory judgment of non-infringement of a specific patent).

Like *Mockingbird*, *Synopsys, Inc v. Risk Based Sec., Inc.* (Opp. 13, 15), was not a trademark case, and the court likewise held that the covenant fell short of the *Nike* standard because it did not reach all activity threatened in the cease-and-desist letter, which sought "declarations that it 'has not copied or misappropriated any of RBS' purported' trade secrets"). 70 F.4th 759, 765 (4th Cir. 2023). In contrast,

Florcsk has not identified any potential claim that Unstoppable could bring against him based on Unstoppable's WALLET rights actually alleged to be in dispute.

*Humu, Inc. v. Hulu, LLC* (Opp. 13, 15), was a trademark case, but the problem with the Hulu covenant was *not* that it did not extend to all possible trademarks Hulu might assert (as Florcsk argues is necessary). Rather, the court found that Hulu's covenant unduly limited the scope of protected "Humu Customers" to "large business enterprises and organizations," which was inadequate because "Humu offers services to both 'large organizations and employers . . . [as well as] individual users.'" 2019 WL 3220271 at *2 (N.D. Cal. July 17, 2019). Florcsk makes no equivalent complaint here.

Florcsk's other cited cases are even further afield. The covenant in *PerfectVision* (Opp. 20), a patent case, was "not unconditional and irrevocable," and did not apply to all of the alleged infringers' products—and the parties were simultaneously involved in other litigation involving the same products. 951 F. Supp. 2d 1089, 1090 (E.D. Ark. 2013). And in *SanDisk v. STMicroelectronics* (Opp. 20), there *was* no covenant—just a statement by the defendant that it had "absolutely no plan whatsoever to sue SanDisk." 480 F.3d 1372, 1382-83 (Fed. Cir. 2007). Indisputably, Unstoppable's CNS goes much further.

Lacking any legitimate argument that Unstoppable's CNS falls short of Nike's, Florcsk is left to express his belief that Unstoppable's allegedly wrongful behavior

might recur. *See* Opp. Opp. 18-19. But the tweet and dismissals without prejudice he relies on do not say anything about any trademark rights other than in WALLET. *Id.*; D.I. 26, Ex. 1. And they have been superseded by the CNS. As Florcsk's own cited authority demonstrates, his subjective belief does not provide a basis for Article III jurisdiction. *See Aquatech Int'l Corp. v. N.A. Water Sys., LLC*, 2013 WL 3972625, at *6 (W.D. Pa. July 31, 2013) ("[E]ven if plaintiffs believe that they could be subject to an infringement suit, there is no active case or controversy sufficient to give rise to declaratory judgment relief.").

Like the petitioner in *Nike*, Florcsk has identified no set of facts that he "engages in or has sufficiently concrete plans to engage in activities not covered by the covenant." *Nike*, 568 U.S. at 94. He submitted no declaration identifying any "scenario that would potentially infringe [Unstoppable's asserted trademark] and yet not fall under the Covenant." Opp. 14 (quoting *Nike*, 568 U.S. at 94). Indeed, he concedes that "Unstoppable's CNS encompasses past, present, and future sales by Plaintiff or his registries and registrars of .WALLET SLDs." Opp. at 15. Accordingly, dismissal is required. *E.g.*, *Nike*, 568 U.S. at 94; *Aquatech*, 2013 WL 3972625, at *7 (plaintiffs' arguments "that the covenants not to sue do not remove the 'cloud of continuing infringement threats' made by defendants" insufficient where they "point to no specific allegation or evidence of continuing threats").

## II. PLAINTIFF'S FAILURE TO ADDRESS UNSTOPPABLE'S PRUDENTIAL ARGUMENTS CONSTITUTES A WAIVER

Florcsk does not dispute any of Unstoppable's prudential arguments. *See Peters v. Ryan*, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant."). Nor could he. As Unstoppable explained (D.I. 51 at 15-18), there is no justification for the continued expenditure of resources in a case where Florcsk cannot obtain any more protection from peril than the CNS grants. Thus, even if some "attenuated" controversy remained (which does not), "considerations of prudence and comity" counsel the Court to "withhold" whatever remaining "relief it has the power to grant." *Chamber of Com. of U.S. of Am. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980).

## III. PLAINTIFF'S FUTILE EFFORTS TO AMEND HIS COMPLAINT CANNOT REVIVE THE COURT'S JURISDICTION

Contrary to Florcsk's Opposition (at 19-20), his pending motion for leave to amend (D.I. 48) does not provide a basis for denying Unstoppable's motion. As demonstrated in Unstoppable's opposition to that motion, Florcsk's proposed amendments are futile, including, in particular, the allegations regarding declaratory relief, which recite a controversy that no longer exists in light of the CNS. *See* D.I. 59. While Florcsk argues that courts "do not lose subject matter jurisdiction over cases where motions for leave to amend are pending, 'even in the face of a plaintiff's

covenant not to sue,'" the only proposed amendment to the pleadings in the out-of-circuit case he cites for that proposition was an amendment to add a claim for attorney's fees. *See* Opp. 20 (citing *In re Rivastigmine Pat. Litig. (MDL No. 1661)*, 2007 WL 1154000, at *7 (S.D.N.Y. Apr. 19, 2007)).

Florcsk's sole remaining citation exposes the flaw of his circular logic. *See* Opp. 21 (citing *Abbott Lab'ys v. Johnson & Johnson, Inc.*, 2007 WL 2828176 (D. Del. Sept. 27, 2007)). While naturally the Court would retain subject matter jurisdiction over any new claims if leave is granted to file them, *Abbott*, 2007 WL 2828176, at *2, as in *Abbott*, the Court should deny Plaintiff's motion for leave to file a supplemental complaint and dismiss the case. *See Abbott*, 524 F. Supp. 2d 553 (D. Del. 2007) (denying leave to supplement); *see also id.*, 2008 WL 114357 (D. Del. Jan. 8, 2008) (denying reconsideration). The very fact Florcsk raised this argument confirms the motive behind his motion for leave to file another amended complaint: attempting to extend a now futile litigation.

## **CONCLUSION**

For the foregoing reasons, Unstoppable respectfully requests an order dismissing Florcsk's claim for declaratory judgment as moot or, in the alternative, declining to exercise declaratory judgment jurisdiction over Florcsk's claim for declaratory judgment, because this case no longer warrants the time and expense of further litigation and use of the Court's limited resources.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Unstoppable Domains Inc.*

OF COUNSEL:

Margret Caruso
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Flr.
Redwood Shores, CA 94065
(650) 801-5000

Luke Nikas
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Flr.
New York, NY 10010
(212) 849-7000

Sean S. Pak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Flr.
San Francisco, CA 94111
(415) 875-6600

Adam B. Wolfson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3000

April 29, 2024

**WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 2,414 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 29, 2024, upon the following in the manner indicated:

David E. Moore, Esquire — *VIA ELECTRONIC MAIL*
Bindu A. Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Non-Party Scott Florcsk*

Eugene Rome, Esquire — *VIA ELECTRONIC MAIL*
Sridavi Ganesan, Esquire
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA 90067
*Attorneys for Non-Party Scott Florcsk*

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)