IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SCOTT FLORCSK,

          Plaintiff,

v.

UNSTOPPABLE DOMAINS INC.,

          Defendant.

Civil Action No. 22-1230-CFC

---

David E. Moore, Bindu A. Palapura, Andrew L. Brown, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware; Eugene Rome, Sridavi Ganesan, ROME LLP, Los Angeles, California

    *Counsel for Plaintiff*

Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Margaret Caruso, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Redwood Shores, California; Luke Nikas, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, New York; Adam B. Wolfson, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Los Angeles, California

    *Counsel for Defendant*

**MEMORANDUM OPINION**

January 6, 2025
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff Scott Florcsk filed a three-count Amended Complaint (D.I. 14) against Defendant Unstoppable Domains Inc. I granted Unstoppable's motion to dismiss Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 8, 2024. D.I. 38. Now pending before me is Unstoppable's motion to dismiss Count I. D.I. 50. Unstoppable brings this motion pursuant to Rule 12(b)(1). It argues that a "Covenant Not to Sue" it issued on March 28, 2024 renders Count I moot and deprives me of subject matter jurisdiction.

I.

Count I is set forth in paragraphs 90 through 100 of the Amended Complaint. Florcsk, the sole owner of Wallet Inc., seeks in Count I a two-part declaratory judgment relating to the .WALLET top-level domain (TLD) on the Handshake blockchain that Wallet Inc. made available for users to register second-level domains (SLDs). Specifically, Florcsk alleges in Count I that:

> 99.  Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use, marketing, sale, and/or offering for sale of Plaintiff's .WALLET domain name on Handshake's blockchain has not and does not infringe Defendant's claimed .WALLET mark under state or federal law because Defendant does not own a .WALLET or a WALLET trademark.

> 100. Plaintiff further seeks a declaratory judgment from this Court that even if Defendant is somehow able to secure a trademark with the USPTO for "WALLET" or ".WALLET", Plaintiff's use, marketing, sale, and/or offering for sale of Plaintiff's .WALLET domain name on Handshake's blockchain has not and does not infringe on Unstoppable's claimed .WALLET or WALLET marks under state or federal law because Plaintiff's .WALLET domain existing in a distinct digital ecosystem cannot be confused with Defendant's .WALLET domain.

D.I. 14 ¶¶ 99, 100.

The covenant Unstoppable issued and made effective on March 28, 2024 reads:

> Unstoppable, for and on behalf of itself, its parents, subsidiaries, divisions, related companies, affiliated companies, licensees, independent contract manufacturers, assigns, and/or other related business entities, as well as any of their predecessors, successors, directors, officers, employees, agents, distributors, attorneys, representatives, and employees of such entities, hereby unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity, against Florcsk, or any of his companies, or their parents, subsidiaries, divisions, related companies, affiliated companies, licensees, independent contract manufacturers, assigns, and/or other related business entities, as well as any of their predecessors, successors, directors, officers, employees, agents, distributors (including registrars and registries), attorneys, representatives, and employees of such entities and all customers (including registrants) of each of the foregoing (whether direct or indirect) (collectively, the "Florcsk Entities"), on account of any possible cause of action

2

> based on or involving infringement of, dilution of, or unfair competition concerning the WALLET Marks, under state or federal law in the United States based on any current/and or previous use, and any colorable imitations thereof, in connection with goods or services relating to blockchain domain names and functionality, regardless of whether those goods and services are made, distributed, offered for sale, advertised, sold, or otherwise used in commerce before or after the Effective Date of this Covenant.
>
> This covenant does not foreclose actions or motions against any of the Florcsk Entities for costs, attorneys' fees, or sanctions if any of the Florcsk Entities pursue any declaratory relief action against Unstoppable following the Effective Date of this Covenant.

D.I. 52-5 at 3.

## II.

Rule 12(b)(1) permits a party to assert by motion the defense of "lack of subject-matter jurisdiction." A court lacks subject matter jurisdiction if the parties' controversy has become moot. *Goodmann v. People's Bank*, 209 F. App'x 111, 113 (3d Cir. 2006). Mootness doctrine is rooted in Article III, Section 2 of the United States Constitution, which limits the judicial power of federal courts to ongoing "Cases" or "Controversies." *New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30–31 (3d Cir. 1985) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477–78 (1990). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477.

3

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and some internal quotation marks omitted). But "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Id.* (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Instead, when a defendant claims that its voluntary compliance moots a case, it bears the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). The Supreme Court has referred to this "formidable burden" as the "voluntary cessation doctrine." *Already*, 568 U.S. at 93.

### III.

Unstoppable argues, and I agree, that its covenant moots Count I. Like the covenant held by the Supreme Court to moot the trademark infringement claim alleged by the plaintiff in *Already*, Unstoppable's covenant "suffices to meet the burden imposed by the voluntary cessation test." *Id.* Unstoppable's covenant is "unconditional and irrevocable." *Id.* It reaches beyond Florcsk to "protect [his] distributors and customers." *Id.* "And it covers not just current or previous designs, but any colorable imitations" of Florcsk's .WALLET domain names. *Id.*

4

Florcsk concedes that Unstoppable's covenant "encompasses past, present, and future sales by Plaintiff or his registries and registrars of .WALLET SLDs." D.I. 56 at 15. He argues, however, that the covenant does not moot Count I because it "is only applicable to the at-issue TLD"—i.e., .WALLET—and does not protect him from what he calls in his briefing "a real likelihood that Unstoppable will sue [him] again for trademark infringement over another of his TLDs in the future." D.I. 56 at 17.

The fatal flaw of this argument is that the scope of the declaratory judgment requested in Count I is limited to .WALLET. *See Synopsys, Inc v. Risk Based Sec., Inc.*, 70 F.4th 759, 765 (4th Cir. 2023) ("In assessing whether a particular covenant not to sue renders [a] declaratory judgment action moot, the Court looks to the claims and relief sought in the complaint as compared to the scope of the covenant not to sue." (citation omitted)). Florcsk insists that his "declaratory judgment claim for non-infringement is, by its very nature, not limited in application to one specific TLD." D.I. 56 at 7. But the language of the claim (see paragraphs 99 and 100 of the Amended Complaint quoted above) is clear, and it expressly limits the scope of the requested declaratory relief to the .WALLET domain name. Florcsk did not seek in Count I a declaration of noninfringement for any domain name other than .WALLET. Indeed, he does not mention in Count I any other domain name or suggest anywhere in Count I that he owns any other domain name.

As the scope of Unstoppable's covenant matches the scope of the declaratory judgment sought in Count I, the covenant renders that claim moot; and, there being no current case or controversy between the parties with respect to Florcsk's .WALLET domain name, I lack jurisdiction over Count I.

### IV.

Because I lack jurisdiction over Count I, I will grant Unstoppable's motion to dismiss.

The Court will issue an Order consistent with this Memorandum Opinion.